[Civ. No. 2052.   Third Appellate District.—October 6, 1920.]

W. S. SIMMONDS, Respondent, v. B. L. BELL, Appellant.

[1] LANDLORD AND TENANT—TERMINATION OF LEASE—CONTINUED POS-
SESSION—ACTION FOR RENT—FINDINGS—EVIDENCE.—In this action
for rent of certain premises belonging to plaintiff and which were
occupied by defendant after the expiration of the term of his
lease, although he gave no written notice of intention to exercise
the option for renewal of the lease and no new lease was prepared
or executed, the findings of the trial court that the lease was ter-
minated at the end of the term of his original written lease and
that thereafter the defendant remained in possession by consent of
plaintiff at the rental he had theretofore been paying were sup-
ported by the evidence.

APPEAL from a judgment of the Superior Court of Sac-
ramento County.   Peter J. Shields, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Harris & Lewis for Appellant.

Butler & Van Dyke for Respondent.

BURNETT, J.—Plaintiff executed and delivered to de-
fendant a lease which by its terms expired on November 20,
1916.   The lease contained the following covenant: ''The
lessees have the privilege of renewing this lease at its ex-
piration on November 20, 1916, for five additional years at a
monthly rental to be agreed upon by the lessor and lessees,
and if they cannot agree on a monthly rental, they shall
submit to an arbitration board of three or more persons,
and their decision shall fix the monthly rental.''

[1] It is admitted that the lessee, Bell, remained in pos-
session of the premises until February 20, 1919, when he
vacated the same.   On November 20, 1916, the lessee was in
arrears for two months' rent to the amount of $180.   No
written notice of intention to exercise the option for re-
newal of the lease was ever given, and the evidence is in
conflict as to whether there was an oral notice to that effect.
No board of arbitration was ever selected; no award was
ever made, the amount of rent for the new term was never
agreed upon, and no new lease was ever prepared or exe-

cuted. The complaint contained three counts. The first was for an injunction against the continuance of certain acts claimed to constitute a nuisance, for damages therefor, and for possession of said premises. The second was for rental and water rates from November 20, 1916, to October 5, 1918, and the third for damages for strip and waste in the sum of $150. It was stipulated at the trial that the plaintiff need not file a supplemental complaint or new action for such rents as he might claim for the period between the filing of the complaint and the vacation of the premises by defendant, which occurred before said trial, but that such matter might be considered by the court as though properly pleaded and denied.

The court found that the lease was terminated on November 20, 1916, and thereafter the defendant remained in possession by consent of plaintiff at the rental of $90 per month. There is evidence to support this finding, and the computation made by the court as to the amount due plaintiff for said possession is not subject to criticism. The court also allowed plaintiff $150 for strip and waste, as alleged in the complaint, and it is not disputed by appellant that there is sufficient evidence to sustain that contention. As against said allowance the court permitted an offset in behalf of defendant to the extent of $984.50. It is not claimed by appellant that the record demands the allowance of a larger counterclaim. In short, the case is one involving no novel principal of law, but presenting the simple proposition of the amount due for rent, the record containing evidence to support the findings of the court.

Some questions are discussed by counsel for appellant that have no application to the facts as revealed by the record, and we, therefore, pass them by without specific consideration. We may remark in conclusion that the contentions of appellant are conclusively answered in the brief of respondent, to which no reply has been made, apparently for the reason that no satisfactory reply can be made.

We are satisfied that the appeal is without merit and the judgment is affirmed.

Prewett, P. J., *pro tem.*, and Hart, J., concurred.